PETER H. ALBRETSON, Respondent, v. JOSEPH HOOKER, Appellant.

Where a contract stipulated for the delivery of a vessel, but designated no particular place for such delivery: *held*, that a notice of a readiness to deliver, must be treated under the contract as an actual delivery.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

The facts appear at length in the opinion of the Court.

*John Currey* for Appellant.

The completion of the work, and the delivery of the scow and her appurtenances by the respondent to the appellant, was a condition to

be performed by the respondent, before he could be entitled to " the residue" of the $3,000, which should remain unpaid when the whole work should be completed, and the scow and appurtenances should be delivered to the appellant as contemplated by the agreement between the parties. And the Court erred in deciding that the respondent was entitled to recover before performance, or tender of performance, of such condition on his part to be performed.

Was the completion of the whole work, and the delivery of the scow and its appurtenances, as specified in the agreement, a condition *precedent* to the respondent's right to recover " the residue" of the three thousand dollars for which he brought his action ?

" In general, if the agreement be that one party shall do an act, and that *for the doing thereof* the other shall pay a sum of money, *the doing of the act is a condition* precedent to the payment, and the party who is to pay shall not be compelled to part with his money until the thing be performed." 1 Chitty's Pl., 322, and cases cited. Champlin *v.* Rowley, 18 Wend. R., 187, and note. Pordage *v.* Cole, 1 Saund., 320, and note. 1 Ch. Pl., 323. Thorpe *v.* Thorpe, 1 Ld. Ray, 665. Turner *v.* Bearsford, 1 Bay., 237. Goodwin *v.* Lynn, 4 Wash. C. C. R., 714. Tinney *v* Ashley, 15 Pick., 552. Jones *v.* Somerville, 1 Port, 437. Smith *v.* Christmas, 7 Yerg., 565.

The payment by instalments on the part of defendant did not render the consideration on his part the less entire. Daken *v.* Williams, 11 Wend., 67. Cunningham *v.* Morrill, 10 Johns., 203.

The true intent of the parties, as apparent in the instrument, should determine whether the covenants or promises are independent or conditional, instead of any technical rules of which the parties were totally ignorant, and the application of which would, in most cases, utterly defeat their intention. Johnson *v.* Reed, 9 Mass., 78. Mead *v.* De Golyer, 16 Wend., 632. 4 M. and W., 311.

*Edwards & English* for Respondent.

No brief on file.

Bryan, J., delivered the opinion of the Court. Heydenfeldt, J., concurred.

This cause was commenced in the Court below, upon a contract between Albretson and Hooker, by the terms of which, Albretson was

to transport one thousand cords of wood from the *embarcadero* at Sonoma, and deliver the same on the Government wharf at Benicia, using a scow belonging to Hooker for the purpose of transportation, which he was to re-deliver after the completion of his contract; and in consideration of the delivery of said wood, respondent was to receive three thousand dollars in different payments.

The cause was submitted to the Court below, and from the finding of the Court it appears that the respondent did transport from Sonoma eight hundred and eighty-four cords of wood, being all furnished by appellant fit for transportation, all of which was delivered at the place named in the contract, except a small portion carried elsewhere under the permission of appellant.

The Court below also finds that there had been paid by appellant under the contract, one thousand eight hundred and fifty dollars. The Court also finds that the respondent did not re-deliver the scow as required by the agreement, nor did he make an offer equivalent to a delivery. Upon these findings, the Court gave judgment for respondent for the sum of eight hundred and two dollars, balance due.

The findings of the Court are conclusive as to the delivery of the wood, according to the agreement of the parties. From the answer of Hooker, the defendant in the Court below, it appears that Albretson called upon him at his house, situated about five miles from the *embarcadero* of Sonoma, and informed him that the scow was at the *embarcadero*, and that he, Albretson, was ready to deliver it. The respondent could do no more than announce his readiness to deliver—treating the conditions of the contract to be performed by the respondent as conditions precedent, as appellant's counsel argues in his brief; yet the Court has found that he has performed all he was bound to perform, except the re-delivery of the scow, and the answer of Hooker is satisfactory upon that point.

It would need no authority to show that the party was not bound to deliver the vessel upon *dry land* at the residence of the defendant. The respondent could only be required to return the vessel in the same element in which he found it; and in the absence of a place designated in the contract, to return it to the place from which it was taken.

The notice of a readiness to deliver, given to the person owning the

vessel, where he does not see fit to come forward and accept the delivery, must be treated under the contract as an actual delivery.

The answer shows that the finding of the Court upon the subject of the delivery of the vessel, was improper.

The judgment of the Court below is affirmed, with costs.